UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61164-CIV-UNGARO/SIMONTON

JEFFERY D. BIANCHI,

    Plaintiff,

v.

BRONSON & MIGLIACCIO, LLP,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

    Presently pending before the Court is Plaintiff's Motion To Compel Discovery (DE # 18). This motion is referred to the undersigned Magistrate Judge (DE # 19). Defendant has responded to the motion (DE # 22). Plaintiff has not replied, and the last day to file a timely reply was March 11, 2010. For the reasons stated below, the motion is granted in part.

    I.  Background

    Plaintiff is proceeding under a nine-count Complaint, alleging that Defendants violated the Fair Debt Collection Practices Act (hereafter FDCPA), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act (hereafter FCCPA), Fla. Stat. § 559.72, and the Telephone Consumer Protection Act (hereafter TCPA), 47 U.S.C. § 227, *et seq.* Specifically, Plaintiff contends that Defendant, acting as a debt collector, left numerous messages on Plaintiff's voice mail on his cellular telephone between July 22, 2008 and February 23, 2009, and that these messages: 1) sometimes failed to inform Plaintiff that the communication was from a debt collector, in violation of the FDCPA, 15 U.S.C. § 1692e(11) (Count I); 2) sometimes failed to inform Plaintiff of Defendant's name, in violation of the FDCPA, 15 U.S.C. § 1692d(6) (Count II); 3) sometimes failed to disclose

the purposes of the messages; 4) sometimes created a false sense of urgency, in violation of the FDCPA, 15 U.S.C. § 1692e (Count III); 5) were excessive in number, in violation of the FDCPA, 15 U.S.C. § 1692d(5) (Count IV); and 6) came from an automatic telephone dialing system or used a pre-recorded or artificial voice, without Plaintiff's express consent to these calls being placed to Plaintiff's cell phone, in violation of the FDCPA, 15 U.S.C. § 1692d (Count V).  Plaintiff also alleged that these practices, taken together, violated the FCCPA, Fla. Stat. § 559.72(9) (Count VI), and also constituted harassment, in violation of the FCCPA, Fla. Stat. § 559.72(7) (Count VII).  Plaintiff further alleged that Defendant placed non-emergency telephone calls to Plaintiff's cell phone using an automatic telephone dialing system or used a pre-recorded or artificial voice, without Plaintiff's express consent, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) (Count VIII).  Finally, Plaintiff requested declaratory and injunctive relief under the FCCPA and TCPA, 47 U.S.C. § 227(c)(5)(A) (Count IX) (DE # 1).

Defendant has answered the Complaint (DE # 6).

The instant motion followed.

II.  Plaintiff's Discovery Motion

In Plaintiff's discovery motion, he seeks 1) any insurance policy which afforded coverage for the subject matter of this case; 2) a copy of the contract between Defendant, a law firm, and its client, Collect America, the current owner of the debt that is the subject of this case, and 3) a copy of the contract between Defendant, and Livevox, Defendant's agent who, at Defendant's request, actually placed the calls to Plaintiff's telephone.  Plaintiff states that he only learned about the existence of these documents at the February 2, 2010 deposition of Defendant's corporate representative, Jonathan Cawley, Esq., and that he  immediately requested them, but that Defendant's

counsel had not produced them at the time the instant motion was filed (DE # 18).

In response, Defendant initially states that, on February 22, 2010, it provided Plaintiff with three insurance policies, which Defendant obtained from its New Jersey office (DE # 22 at 2, ¶¶5, 6).

Defendant then stated that it does not have in its possession, custody or control, an original or a copy of the contract between Defendant and the original debtor, Collect America, concerning placement with Defendant of Plaintiff's account, and that Collect America has told Defendant that it will not provide Defendant with a copy of that contract (DE # 22 at 2-4, ¶¶ 6, 7, 11; DE # 22-2).

Finally, Defendant stated that its corporate representative had diligently searched Defendant's records for a copy of any agreement between Defendant and Livevox, and could not find a copy.  Therefore, Defendant states that it does not have in its possession, custody or control, an original or a copy of any contract between Defendant and Livevox, and does not know if a written contract exists (DE # 22 at 4, ¶ ¶9, 10, 12; DE # 22-2).

In support of these statements, Defendant provided the March 1, 2010 unsworn declaration under 28 U.S.C. § 1746 of Jonathan Cawley, Esq. (DE # 22-2, Ex. B to DE # 22).  In his declaration,  Cawley stated that:  1) Collect America placed Plaintiff's account with Defendant on July 16, 2008 and Plaintiff's account was closed and returned to Collect America on March 2, 2009 (DE # 22-2 at 3, ¶¶5, 7); 2) Defendant does not have in its possession, custody or control, an original or copy of the agreement between Collect America and Defendant regarding Plaintiff's account, and Collect America has stated that it will not provide Defendant with a copy of the agreement (DE # 22-2 at 3, ¶8); 3) he has searched Defendant's records and can find no copy of any agreement between

Defendant and Livevox (DE # 22-2 at 3, ¶ 9).  Cawley works in Defendant's Williamsville, New York office (Ex. C to DE # 22, DE # 22-3 at 3).

### III.  Analysis

Plaintiff has not controverted any of Defendant's statements.  Plaintiff has been provided the requested insurance policies, and Defendant has stated that it does not have in its possession, custody and control, 1) an original or a copy of the contract between Defendant and the original debtor, Collect America, concerning the placement with Defendant of Plaintiff's account, and Collect America has told Defendant that it will not provide Defendant with a copy of that contract; and 2) an original or a copy of any contract between Defendant and Livevox, and does not know if a written contract exists.  Plaintiff's motion is granted in part, as to the request concerning Livevox.  Defendant must ask Livevox for a copy of any written contract between them, and, on or before March 22, 2010, Defendant must file with the Court and serve on Plaintiff a supplemental verified response to the discovery request that 1) provides Plaintiff with a copy of the contract; 2) states that it requested a copy of the contract from Livevox but Livevox would not provide it; or 3) states that no written contract exists.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel Discovery (DE # 18), is **GRANTED in part**, as stated in the body of the Order.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 12, 2010.

_Andrea M. Simonton_
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
**The Honorable Ursula Ungaro,**
   **United States District Judge**
**All counsel of record**