UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61164-CIV-UNGARO

JEFFREY D. BIANCHI,

    Plaintiff

v.

BRONSON & MIGLIACCIO, LLP,

    Defendant.
_____/

## JOINT PRE-TRIAL STIPULATION

Plaintiff Jeffrey D. Bianchi (Mr. Bianchi) and Defendant Bronson & Migliaccio, pursuant to Local Rule 16.1, jointly file this Pretrial Stipulation with respect to the trial presently scheduled for the two week trial period commencing May 10, 2010.

1.    Plaintiff's Statement of the Case

Defendant placed 67 telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent. Minimum statutory damages under the TCPA are $500 per violation. The statute does not provide for discretion in the determination of minimum statutory damages. Plaintiff's minimum statutory damages are $33,500 ($500 x 67). The Jury may treble the $500 minimum penalty upon a showing that the violations were willful or knowing. Because Plaintiff told Defendant to stop the calls to his cellular telephone and because Defendant made no effort whatsoever to comply with the TCPA, its violations are willful and knowing thus the $500 minimum statutory damages may be trebled to $1,500 per violation. Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages. Defendant. Defendant made an excessive number of calls to Plaintiff telephoning Plaintiff twice in the same day on at least four occasions and three times in the same day on at least two occasions. Defendant created a false sense of urgency in some of the messages. Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

Defendant's Statement of the Case: Bronson denies that it did anything wrong. Bronson obtained the Bianchi account from Collect America (CACH). The account information provided by CACH to Bronson for the Bianchi account listed a home telephone number (i.e., not a cellular number) for Mr. Bianchi of 954-675-1258. Mr. Bianchi never told Bronson that this telephone number was a cellular telephone. Bronson denies all of Bianchi's allegations, and further asserts that Bianchi's claims are barred by Bianchi's negligence and conduct. Bronson further asserts

that Bianchi's claims are barred because any violations Bianchi alleges were caused by the negligence or conduct of others, including CACH or Livevox. Bronson further contends that even assuming any violation occurred, which Bronson denies, Bianchi's claims are barred because of the doctrine of *bona fide* error because Bronson had in place and maintained procedures reasonably adapted to avoid any such errors.

2. <u>Basis of Federal Jurisdiction</u>

   Jurisdiction of this Court arises under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331 and 28 U.S.C. section 1367.

3. <u>Pleadings Raising the Issues</u>

   The following pleadings set forth the issues for adjudication:

   a. Plaintiff's Complaint (DE-#1)
   b. Defendant's Answer and Affirmative Defenses (DE-#6)

4. <u>All Undisposed of Motions or Other Matters Requiring Action by the Court</u>

   Defendant's Motion in Limine (DE-#29), filed by Defendant March 26, 2010.

5. <u>Concise Statement of Uncontested Facts Which Will Require No Proof at Trial</u>

   a. Bronson obtained Mr. Bianchi's debt after the debt entered default.
   b. Bronson obtained Mr. Bianchi's debt from Collect America.
   c. After Mr. Bianchi failed to pay the debt, Bronson attempted to contact Mr. Bianchi via telephone.

6. <u>Facts Remaining to be Litigated at Trial</u>

   a. Whether Bronson used a telephone dialer that stored or produced telephone numbers to be called using a random or sequential number generator. Plaintiff objects and contends the issue is whether Bronson used an automatic telephone dialing system as defined by the TCPA and the Federal Communication Commissions orders implementing the TCPA
   b. Whether Bianchi provided his cellular telephone number to the original creditor or others with respect to the alleged debt. Plaintiff objects and contends that the issue is whether Bianchi provided his cellular telephone number to the original creditor in the course of establishing the debt.

c. Whether Bronson maintained procedures reasonably adapted to avoid any errors or violations of the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, or the Telephone Consumer Protection Act. Plaintiff objects with respect to the TCPA, as there is no such defense provided by the TCPA.
d. Whether Bianchi was a consumer.
e. Whether Bianchi initiated this litigation more than 1 year after any alleged violation of the Fair Debt Collection Practices Act.
f. Whether the conduct of any person or entity not a party to this lawsuit caused or contributed to the alleged violations Bianchi complains of.
g. Whether the conduct of Bianchi caused or contributed to the alleged violations Bianchi complains of. Plaintiff objects as there is no such defense provided for by either the FDCPA, FCCPA or TCPA.
h. Whether Bronson regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.
i. Whether Bronson regularly collects or attempts to collect debts for other parties.
j. Whether Bronson is a debt collector as defined by the FDCPA.
k. Whether Bronson was acting as a debt collector with respect to alleged attempts to collect on Bianchi's alleged debt.
l. Whether the Plaintiff's alleged debt that Bronson attempted to collect was a debt that arose from a transaction incurred for personal, family or household purposes.
m. Whether Defendant made telephone calls to Bianchi's cellular telephone.
n. Whether Defendant knew the telephone calls it made were being made to Bianchi's cellular telephone. Plaintiff objects to this as the TCPA does not have a "knowledge" requirement with respect to minimum statutory damages and but does have such a requirement with respect to trebling of damages.
o. Whether Defendant willfully or knowingly violated the TCPA in calling Bianchi.
p. Whether Defendant failed to make a meaningful disclosure of its identity in placing telephone calls to Bianchi's cellular telephone.
q. Whether Defendant created a false sense of urgency in its telephone messages to Bianchi.
r. Whether Defendant caused Bianchi's cellular telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Bianchi.
s. Whether Defendant harassed, oppressed or abused Bianchi by using an automatic telephone dialing system to call Bianchi's cellular telephone.

t. Whether Defendant asserted its right to collect a debt by leaving messages on Bianchi's cellular telephone without disclosing its name. Plaintiff objects and states the relevant issue is more broadly stated as whether Defendant asserted its right to collect a debt by leaving messages on Bianchi's cellular telephone without disclosing its name that it is a debt collector and the purpose of its communications, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, all

      done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).
- u. Whether any alleged violation alleged by Bianchi was caused by a third party.
- v. Whether Bianchi's account information, upon being transferred to Defendant, identified a single telephone number, which Bianchi alleges as his cellular telephone number, as being a residence number. Plaintiff objects to this as irrelevant to the facts of the case.
- w. Whether the telephone number Bianchi alleges was contacted by Bronson was for a cellular telephone owned by or registered to him at the time of the alleged conduct.
- x. Whether any third parties, such as Livevox or Collect America, were responsible for Bianchi being contacted on his cellular telephone by Bronson. Plaintiff objects to this as a relevant fact: Defendant placed calls to Plaintiff and authorized its agent Livevox to place calls on its behalf.
- y. Whether Bianchi is entitled to any damages.
- z. Whether Bronson is a debt collector.
- aa. Whether Bronson violated the FDCPA by failing to make a meaningful disclosure of its identity.
- bb. Whether Bronson violated the FDCPA by causing Bianchi's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass.
- cc. Whether Bronson violated the FCCPA by leaving telephone messages for Bianchi
- dd. Whether Bronson violated the TCPA by placing non-emergency telephone calls to Bianchi's cellular telephone.
- ee. Whether Bianchi can establish each of the elements of his claims under the FDCPA, FCCPA and the TCPA.

7. <u>Issues of Law on Which There is an Agreement</u>

The parties stipulate and agree as to the following issues of law at trial:

- a. Mr. Bianchi is and was a "person" as defined by TCPA, 47 U.S.C. section 153(10).

8. <u>Issues of Law Which Remain for Determination by the Court</u>

- a. Issues raised in Defendant's Motion in Limine regarding Defendant's request to strike Plaintiff's claims.
- b. Whether the TCPA and the FCC's January 2008 Order implementing the TCPA require Plaintiff's consent to calls placed to his cellular telephone by means of a an automatic telephone dialing system or a pre-recorded or artificial voice be established by Plainitff's provision of his celluar telephone number to the original creditor in the course of establishing the debt.
- c. Whether the TCPA provides a defense that Defendant maintained reasonable procedures to avoid violation thereof.

9. <u>List of Exhibits</u>
Plaintiff attaches his list of exhibits as Exhibit "A"
Defendant attaches its list of exhibits as Exhibit "B"

10. <u>List of Trial Witnesses</u>
Plaintiff attaches his list of trial witnesses as Exhibit "C"
Defendant attaches its list of trial witnesses as Exhibit "D"

11. <u>Estimated Trial Time</u>
The parties believe the case can be tried in two days.

12. <u>Attorneys Fees – Estimate as to Each Party</u>

Plaintiff estimates his attorney fee by the conclusion of the case at approximately $30,000.

| | |
|---|---|
| Donald A. Yarbrough, Esq. | Michael L. Duncan, Esq. |
| Attorney for Plaintiff | Attorney for Defendant |
| Post Office Box 11842 | Volpe, Bajalia, Wickes, Rogerson & Wachs |
| Fort Lauderdale, Florida  33339 | 7th Floor |
| Telephone: 954-537-2000 | 501 Riverside Avenue |
| Facsimile: 954-566-2235 | Jacksonville, FL 32202 |
| | Telephone: 904-355-1700 |
| | Facsimile: 904-355-1797 |

By:  /s/ Donald A. Yarbrough          By: /s/ Michael L. Duncan
Donald A. Yarbrough, Esq.              Michael L. Duncan, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61164-Civ-Ungaro/Simonton

JEFFREY D. BIANCHI,

    Plaintiff,

v.

BRONSON & MIGLIACCIO, LLP,

    Defendant.

_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 2, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        s/Donald A. Yarbrough
                                                      Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Michael L. Duncan, Esq.
Volpe, Bajalia, Wickes, Rogerson & Wachs
7th Floor
501 Riverside Avenue
Jacksonville, FL 32202
Telephone: 904-355-1700
Facsimile: 904-355-1797

Via Notices of Electronic Filing generated by CM/ECF