UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61164-Civ-Ungaro/Simonton

JEFFREY D. BIANCHI,

    Plaintiff,

v.

BRONSON & MIGLIACCIO, LLP,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff, Jeffrey D. Bianchi, moves this Court for entry of final judgment, and, in support thereof, states as follows:

1. On May 21, 2010, the jury returned a verdict in favor of Plaintiff finding:

- Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and awarding damages of $500.00.

- Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and awarding damages of $500.00

- Defendant violated Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") finding 67 violative calls, and further that Defendant willfully or knowingly violated the TCPA regarding 45 calls and awarding additional damages of $100.00 per call.

2. The damages awarded are:

FDCPA $500.00
FCCPA $500.00
TCPA $33,500.00 (67 violations x $500.00) plus

> TCPA $4,500.00 for willing or knowing violations ($100.00 x 45 violations)
> Total damages: $39,000.00.
>
> 3.     The TCPA provides:
>
> Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3)

Since the jury found 67 violations of the TCPA, $500.00 in damages for each violative call must be awarded as there is no discretion in the determination of damages under 47 U.S.C. § 227(b)(3)(B). Since the jury found 45 violations were made willingly or knowingly the jury's finding of $100.00 per violation must be awarded.

    4.      Regarding Plaintiff's request in his complaint for injunctive and declaratory relief under the TCPA and the FCCPA, Defendant's representative John Cawley has stated under oath that Defendant has ceased its collection efforts against Plaintiff, and since the issuance of the jury verdict, resumption of collection action against Plaintiff would be the height of folly, Plaintiff considers the litigation had the desired result of

ending the violative conduct, thus Plaintiff withdraws his request for injunctive and declaratory relief.

5. Regarding Defendant's name, Plaintiff requests that the Court enter judgment against Defendant BRONSON & MIGLIACCIO, LLP also known as BRONSON CAWLEY, AND BERGMAN, LLP. Defendant's representative testified at trial that Defendant had changed its name to BRONSON CAWLEY, AND BERGMAN, LLP. The Court asked Defendant's counsel when Defendant had changed its name and counsel responded he did not know. Since trial concluded, Defendant's counsel has responded to Plaintiff's counsel that he sill does not know when the name changed.

6. Plaintiff has obtained Defendant's New York State Department Entity Information sheet attached as Exhibit "A" that states the name change did occur on October 23, 2009. Defendant and BRONSON CAWLEY, AND BERGMAN, LLP are the same entities. Defendant has given conflicting information in this litigation as to the existence of insurance and no indication that it intends to satisfy the judgment about to be entered thus in the event that Plaintiff seeks satisfaction of the judgment, issuance of the judgment using both Defendant's name is just. Defendant has <u>not</u> changed its name registered with the Florida Department of State Division of Corporations. See Exhibit "B". Defendant cannot be prejudiced by the issuance of judgment in alternative names as the real party in interest is the same. Plaintiff, however, may be prejudiced as his efforts to satisfy the judgment through garnishment may be complicated by Defendant's use of two names for the same entity. This is no different than the circumstances that arise when

a single person becomes married and adopts a different name. The individual is the same, but simply known by a different name or perhaps two names.

7. Defendant should not be permitted to hinder Plaintiff's efforts to seek Defendant's assets regardless of which name such assets are held particularly when under oath testimony demonstrates there is only one entity and that may hold assets in a slightly modified name. Nor should Plaintiff be obligated to engage in possibly expensive and time consuming post judgment litigation to determine under which name Defendant holds its assets when there is no factual dispute that only one entity exists and alternative names may be used to hold assets, particularly when the matter can be resolved at this stage of the litigation expeditiously without prejudice to Defendant.

8. Plaintiff attaches a proposed judgment as Exhibit "C".

## CERTIFICATION OF PRE-FILING CONFERENCE REQUIRED BY LOCAL RULE

Counsel for the parties have conferred on this motion and Defendant opposes all the relief requested herein.

WHEREFORE, Plaintiff, Jeffrey D. Bianchi, respectfully requests the Court enter final judgment pursuant to Fed. R. Civ. P. 58, against Defendant BRONSON CAWLEY, AND BERGMAN, LLP. also known as BRONSON CAWLEY, AND BERGMAN, LLP in the amount of $39,000.00 and reserve jurisdiction on the issue of Plaintiff's attorney fees and costs.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61164-Civ-Ungaro/Simonton

JEFFREY D. BIANCHI,

    Plaintiff,

v.

BRONSON & MIGLIACCIO, LLP,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 25, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


                                      s/Donald A. Yarbrough
                                      Donald A. Yarbrough, Esq.


## SERVICE LIST

Mr. Michael L. Duncan, Esq.
Volpe, Bajalia, Wickes, Rogerson & Wachs
7th Floor
501 Riverside Avenue
Jacksonville, FL 32202
Telephone: 904-355-1700
Facsimile: 904-355-1797

Via Notices of Electronic Filing generated by CM/ECF