# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61164-CIV-UNGARO

JEFFREY D. BIANCHI,
     Plaintiff,

v.

BRONSON & MIGLIACCIO, LLP,
     Defendant.
_____/

## **Jury Instructions**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.  When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

1

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or

2

circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

6

The plaintiff, Jeffrey D. Bianchi ("Bianchi"), brings this action against the defendant, Bronson & Migliaccio, LLP ("Bronson"), for alleged violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collection Practices Act, which for convenience I may refer to as the "FDCPA," and for alleged violations of Florida Statutes Chapter 559.55, *et seq.*, commonly known as the Florida Consumer Collection Practices Act, which for convenience I may refer to as the "FCCPA." Bianchi also claims violations of 47 U.S.C. § 227, *et seq.,* commonly known as the Telephone Consumer Protection Act, which for convenience, I may refer to as the "TCPA." While each of these claims may involve the same facts, you are to consider each claim separately as I will instruct.

## (Obligation to Pay Debt Does Not Affect Liability)

Whether or not Bianchi owes the debt alleged to be due to Bronson or any other party is not a factor in this proceeding. Even if Bianchi does owe this obligation, Bronson must comply in all respects with the FDCPA, the FCCPA, and the TCPA. Therefore, you may not consider whether or not Bianchi is indebted to Bronson or any other party when determining whether Bronson violated the foregoing laws.

## ("FDCPA" Described)

In Counts 1 through 5, Bianchi alleges that Bronson violated the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA expressly prohibits debt collectors from engaging in specific acts or practices regarding debt collection and also mandatorily requires debt collectors in attempting to collect consumer debts for others to affirmatively perform specific acts.

**(Fair Debt Collection Practices Act -Plaintiff's Claims)**

In order for Bianchi to prevail on his claims under the FDCPA, he must prove each of the following four elements by a preponderance of the evidence:

(1)   that Bianchi is a "consumer," as that term is defined in FDCPA;

(2)   that Bronson is a "debt collector," as that term is defined in FDCPA;

(3)   that Bronson sought to collect "debt," as that term is defined in the FDCPA; and

(4)   that any of the conduct alleged in Counts 1 through 5 violated the FDCPA.

### ("Consumer" Defined)

The FDCPA defines "consumer" as any person obligated or allegedly obligated to pay any debt.

### ("Debt Collector" Defined)

The FDCPA defines a "debt collector" to include any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which business is the collection of any debt, directly or indirectly owed, due, or asserted to be owed or due to another.  The FDCPA also defines a "debt collector" to include any person who regularly collects or attempts to collect, directly or indirectly, debts owed to another.

The parties agree that Bronson is a debt collector, and you must accept this fact as true during your deliberations.

### ("Debt" Defined)

The FDCPA defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligations have been reduced to judgment.

11

In order for Bianchi to prevail on his FDCPA claims, he must prove to you by a preponderance of the evidence that Bronson engaged in an act or omission prohibited by the FDCPA.

### (Section 1692e - Counts 1 and 3)

In Count 1, Bianchi alleges that Bronson violated Section 1692e of the FDCPA by failing to disclose in the telephone messages that it is a debt collector.  In Count 3, Bianchi alleges that Bronson violated this Section by creating a false sense of urgency.

Section 1692e of the FDCPA provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  This may include the failure to disclose in an initial or subsequent communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. This may also include debtor communications that falsely suggest imminent and unfavorable consequences if the consumer does not quickly act to satisfy the debt.

### (Section 1692d - Counts 2, 4, and 5)

In Count 2, Bianchi alleges that Bronson violated this Section by failing to disclose in telephone messages that it is a debt collector.  In Count 4, Bianchi alleges that Bronson violated this Section by causing his telephone to ring

12

repeatedly and continuously with the intent to annoy or harass. In Count 5, Bianchi alleges that Bronson engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to his cellular telephone without his consent.

Section 1692d of the FDCPA provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including: placing telephone calls without meaningful disclosure of the caller's identity; and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Although Counts 1, 2, 3, 4, and 5, all allege violations of the same statute, you must consider each Count separately and arrive at an unanimous verdict on each Count.

**(Least Sophisticated Consumer Standard)**

In determining whether Bronson's conduct violated the FDCPA, you are to apply the "least-sophisticated consumer" standard. This means that in reaching your determination of whether Bronson violated the statute, you must consider each allegation through the eyes of the least-sophisticated consumer. In other words, to determine whether Bronson has engaged in conduct that is "false or misleading" under the FDCPA, you should ask whether the least-sophisticated consumer would be misled by the debt collector's conduct. Similarly, to determine whether Bronson has engaged in conduct "the natural consequence of which is to harass, oppress, or abuse," you should ask whether the least-sophisticated consumer would perceive Bronson's conduct in this way.

If you do not find that Bianchi has proven by a preponderance of the evidence that Bronson's actions violated the FDCPA as alleged in any of the first five Counts, then you should find for Bronson regarding the claims brought in each such Count.

If, however, you find that Bianchi has proven by a preponderance of the evidence that Bronson acted in violation of the FDCPA as alleged in any of the first five Counts, then you should next consider Bronson's affirmative defense.

**(Affirmative Defense - Bona Fide Error)**

Bronson has asserted the "Bona Fide Error" defense to liability, which is expressly provided under the FDCPA.

In order to properly assert this affirmative defense, Bronson bears the burden of showing beyond a preponderance of the evidence that

(1)    the alleged violations of the FDCPA were unintentional,

(2)    the violations resulted from a *bona fide* error, <u>and</u>

(3)    the *bona fide* error occurred despite the fact that Bronson maintained procedures reasonably adapted to avoid the error.

Bronson must prove all three elements of the defense.

If you find that Bronson has proven its *bona fide* error defense by a preponderance of the evidence, then you must find for Bronson on Counts 1 through 5.

Alternatively, if you find that (a) Bianchi has proven by a preponderance of the evidence that Bronson acted in violation of the FDCPA, and (b) Bronson has not proven by a preponderance of the evidence its *bona fide* error defense, then you must find for Bianchi on Counts 1 through 5.

**(FDCPA - Damages)**

In the event you find that Bronson has violated the Fair Debt Collection Practices Act, you shall award statutory damages in an amount not to exceed $1,000. In determining the amount of statutory damages not to exceed $1,000, the FDCPA provides that you shall consider, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

**(FCCPA Described)**

In Counts 6 and 7, Bianchi alleges that Bronson violated the Florida Consumer Collection Protection Act ("FCCPA"). The FCCPA is a Florida state law that is similar to the FDCPA, and, therefore, serves substantially the same purpose as the FDCPA. There is, however, conduct that is prohibited under the FCCPA that is not otherwise explicitly covered by the FDCPA. This conduct will be discussed further below.

**(Fla. Stat 559.72(7), (9) - Counts 6 and 7)**

It is violation of the FCCPA for a debt collector to claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.  It is also a violation under the FCCPA for a debt collector to willfully communicate with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

In Count 6, Bianchi alleges that Bronson violated the FCCPA because without Bianchi's consent Bronson made pre-recorded or artificial voice calls using an automated telephone dialing system in which it asserted the right to collect a debt, but failed to disclose that it is a debt collector and the purpose of the communication.

In Count 7, Bianchi alleges the Bronson violated the FCCPA because Bronson wilfully made pre-recorded or artificial voice calls using an automatic telephone dialing systems to telephone Bianchi with such frequency as could reasonably be expected to harass Bianchi.

Although Counts 6 and 7 both allege violations of the same statute, you must consider each Count separately and arrive at an unanimous verdict on each Count.

## (Plaintiff's Claims- FCCPA)

In order for Bianchi to prevail on his claims brought under the FCCPA, he must prove each of the following four elements by a preponderance of the evidence:

(1)   that Bianchi is a "consumer";

(2)   that Bronson is a "debt collector";

(3)   that Bronson was attempting to collect "debt"; and

(4)   that any of the conduct alleged in Counts 6 and 7 violated the FCCPA.

In deciding for purposes of the FCCPA whether Bianchi has proven by a preponderance of the evidence that he is a "consumer," that Bianchi is a "debt collector," and that Bronson was attempting to collect a "debt," you may rely on the same definitions for these terms on which you have already been instructed.

If you do not find that Bianchi has proven by a preponderance of the evidence that Bronson's actions violated the FCCPA, then you should find for Bronson on Counts 6 and 7.

If, however, you find that Bianchi has proven by a preponderance of the evidence that Bronson acted in violation of the FCCPA as to Counts 6 and/or Count 7, then you should next consider Bronson's *bona fide* error defense. A *bona fide* error under the FCCPA is the same as under the FDCPA. Therefore, if you find Bronson violated the FCCPA by any of the means alleged by Bianchi, then you should next consider whether Bronson established by a preponderance of the evidence its *bona fide* error defense.

## (FCCPA - Damages)

In the event you find that Bronson has violated the Florida Consumer Collection Practices Act, you shall award statutory damages in an amount not to exceed $1,000 for this violation.  In determining the amount of statutory damages to be awarded not to exceed $1,000, the FCCPA provides that you shall consider, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which any noncompliance was intentional.

**(Plaintiff's Claims - Count VIII - TCPA)**

In Count 8, Bianchi alleges that Bronson violated the Telephone Consumer Protection Act ("TCPA").  The TCPA makes it unlawful for any person to make a non-emergency call using an automatic telephone dialing system to a cellular telephone without the called party's consent.

In order to Bianchi to prevail under the TCPA, he must prove each of the following elements:

(1)    that Bronson is a person;

(2)    that Bronson made a call to Bianchi's cellular telephone using an automatic dialing system or artificial or prerecorded voice; and

(3)    that Bianchi did not give prior express consent for any such call(s).

The Court has decided as a matter of law the following:

(1)     that Bronson is a person as defined by the TCPA,

(2)     that Bronson made sixty-seven (67) calls to Bianchi's cellular telephone using an automatic dialing system.

Therefore, the you must decide whether Bianchi expressly consented to any such call(s).

Next, if you find that Bianchi has proven by a preponderance of the evidence that Bronson violated the TCPA, then you must decide whether Bianchi has proven by a preponderance of the evidence that such violation(s) were willful or knowing.

You are instructed that "knowingly" means that Bronson realized what it was doing and was aware of the nature of its conduct.  It means that it did not act through ignorance, mistake, or accident.  Knowledge may be proven by Bronson's conduct and by all facts and circumstances surrounding the case.

"Willfully" means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is, with reckless disregard either to disobey or disregard the law.

**(Damages - TCPA)**

In the event that you find that Bianchi has proven by a preponderance of the evidence that Bronson violated the TCPA, then you shall award statutory damages in the amount of $500 per violation.

If you find that Bianchi has proven by a preponderance of the evidence that Bronson willfully or knowingly violated the TCPA, then you shall award additional damages up to $1000 for each wilful or knowing violation.

Of course, the fact that I have given you instructions concerning the issue of Bianchi's damages should not be interpreted in any way as an indication that I believe that Bianchi should, or should not, prevail in this case.

If you find for Bianchi on his claims under any of the statutes, you must not take into account any consideration of attorney's fees or court costs in deciding the amount of Bianchi's damages. The matter of attorney's fees and court costs will be decided later by the Court.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

In this case you have been permitted to take notes during the course of the trial, and some of you have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.