UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61164-CIV-UNGARO/SIMONTON

JEFFREY D. BIANCHI,

     Plaintiff,

v.

BRONSON & MIGLIACCIO, LLP,

     Defendant.

_____/

## REPORT AND RECOMMENDATION RE: PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY'S FEES

     Presently pending before the Court is Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees (DE # 74).  Defendant Bronson & Migliaccio, LLP ("Bronson") has filed a Response to Plaintiff's Motion for Attorney's Fees and Costs (DE # 82), and Plaintiff has filed a Reply (DE # 83) and a Supplemental Declaration (DE # 84).  Plaintiff's Motion has been referred to the undersigned Magistrate Judge (DE # 77). A brief hearing was held on February 1, 2011.[1]  Following a careful review of the record as a whole and for the reasons stated herein, the undersigned recommends that Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees be GRANTED in part and DENIED in part, and that Plaintiff be awarded attorney's fees in the amount of $15,648.50 and costs in the amount of $4,463.19, for a total award of $20,111.69.

     **I.**     **BACKGROUND**

     In a nine-count complaint, Plaintiff Jeffrey D. Bianchi alleged violations by Bronson of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA")

---

[1] The purpose of this hearing was to have counsel describe the "trial boards" for which he sought reimbursement.

(Counts I–V), the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55–559.785
("FCCPA") (Counts VI and VII), and the Telephone Consumer Protection Act, 47 U.S.C. §
227 ("TCPA") (Count VIII) (DE # 1).[2]  Specifically, Plaintiff alleged that Defendant, a debt
collector, sought to collect on an alleged debt owed by Plaintiff by leaving an excessive
number of voicemail messages on Plaintiff's cellular phone.  These messages were
prerecorded without Plaintiff's consent to such calls, failed to disclose certain
information about Defendant or created a false sense of emergency (DE # at 2-6).
Following a jury trial, the Court entered a Final Judgment based on the jury's verdict,
awarding Plaintiff $39,000 for Defendant's violations of the FDCPA, FCCPA and TCPA
(DE # 60, 64).  The Court reserved jurisdiction for determining Plaintiff's attorney's fees
and costs (DE # 64).

        Following the entry of judgment, Plaintiff moved for the clerk to issue a writ of
garnishment against HSBC Bank USA, NA ("Garnishee"), which holds property of
Defendant (DE # 66).  On the same day Garnishee filed its answer to the writ, Plaintiff
moved for judgment against Garnishee (DE # 69, 70).  Defendant subsequently filed a
response to  Garnishee's answer, alleging that the funds held by Garnishee for
Defendant were property Defendant held in trust for its clients (DE # 71).  Defendant
consequently moved to dissolve the writ (DE # 72), which this Court granted (DE # 80).

        In the instant motion for attorney's fees and costs, Plaintiff originally requested
an award of $22,475.86, based upon his claim for $16,800.00 in attorney's fees (48 hours
X $350 per hour) and costs in the amount of $5,675.86 (DE # 74 at 2-3).  Plaintiff notes
that his fee agreement with counsel provided for the greater of 40% of any recovery or

---

[2] In Count IX, Plaintiff sought declaratory and injunctive relief, pursuant to 28 U.S.C. §§
2201 and 2202, in connection with the alleged TCPA and FCCPA violations (DE # 1 at 11-12).
Plaintiff withdrew request for such relief after the jury's verdict (DE # 64 at 1).

$350 per hour plus costs incurred (DE # 74 at 3).  Plaintiff also stated that he was entitled to attorney's fees and costs incurred in litigating the Motion for Attorney's Fees; and that, once the briefing was completed on this Motion, he would file a supplemental Declaration with respect to the amount claimed (DE # 74 at 3). Plaintiff thereafter submitted a Supplemental Declaration (DE # 84) in which he requested additional compensation in the amount of $2,083.00 for 6.38 additional hours of work, which is addressed separately below in Section IV.

II.      **ATTORNEY'S FEES**

For the reasons stated below, with respect to the initial Motion for Attorney's Fees, the undersigned concludes that Plaintiff is entitled to an award of attorney's fees and costs as the prevailing party; but that the reasonable value of attorney's fees equals $14,259.00, rather than $16,800.00 as requested by Plaintiff.

A.      **Entitlement to Fees and Costs**

A prevailing plaintiff in an FDCPA or FCCPA suit is entitled to recover attorney's fees and costs, based upon the plain language of the respective statutes.[3]  Under both, a debt collector is liable to the prevailing plaintiff for court costs and reasonable attorney's fees.  15 U.S.C.A. § 1692k(a)(3) (West 2010); *see, e.g.*, *Hollis v. Roberts*, 984 F.2d 1199, 1161 (11th Cir. 1993); Fla. Stat. § 559.77(2) (2010); *see, e.g.*, *R. Martin Salzgeber, D.D.S., P.A. v. Kelly*, 826 So.2d. 366, 367 (Fla.2d.Dist.Ct.App.2002).  The reasonableness of these costs and fees shall be determined by the court.   15 U.S.C.A. §

---

[3] The Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA.  Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection.  Fla. Stat. § 559.552 (2010).  In regard to applying and construing civil remedies pursuant to the FCCPA, including attorney's fees, "due consideration and great weight" is to be given to interpretations of the Federal Trade Commission and federal courts relating to the FDCPA.  Fla. Stat. § 559.77 (2010).

1692k(a)(3) (West 2010); *see, e.g.*, *Hollis*, 984 F.2d at 1161.  In the instant matter,

Defendant takes issue with the amount and type of fees and costs Plaintiff has

requested, but the parties do not dispute that Mr. Bianchi is a prevailing plaintiff entitled

to attorney's fees and costs under these rules.  The undersigned, therefore, concludes

that Plaintiff is entitled to an award of attorney's fees and costs as the prevailing party in

this lawsuit.

B.    The Lodestar Method

Under the lodestar method applied by the courts in this Circuit, attorneys' fees

are calculated by multiplying a reasonable hourly rate by a reasonable number of hours

expended.  *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir.

1997); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988);

*Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla.

1991).  Plaintiff bears the burden of documenting reasonable hours expended and

reasonable hourly rates.  *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

Plaintiff must also supply detailed evidence of the hourly rates and time expended so

that this Court may properly assess the time claimed for each activity.  *See id.* at 427;

*Norman*, 836 F.2d at 1303.

C.    Reasonable Hourly Rate

1.    The Parties' Positions

In his Declaration in Support of Plaintiff's Motion, Mr. Yarbrough, Plaintiff's

counsel, argues that his reasonable rate is $350 per hour (DE # 76 at 4-5).  In support, he

notes that in several earlier cases he has been awarded a rate of $300 per hour (DE # 76

at 5-6).  He asserts, however, that he has been practicing for 11 years and has more

recently been awarded a rate of $350 per hour (DE # 76 at 5; DE # 84).  Mr. Yarbrough

4

concludes that the higher rate is reasonable given his years of experience in this type of litigation (DE # 75 at 6-7).  Defendant has not objected to Mr. Yarbrough's hourly rate.

2.    <u>Legal Standards</u>

This Court must first determine whether the fee applicant has satisfied the burden of establishing that his requested hourly rate is reasonable.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  *Norman*, 836 F.2d at 1299. With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303; *accord Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *2 (S.D. Fla. Mar. 10, 2005) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

3.    <u>Analysis</u>

Based upon the Court's own knowledge and experience, as well as a review of the cited authorities, a reasonable hourly rate for an attorney with Mr. Yarbrough's experience in a case such as this is between $250 and $350 per hour.  The undersigned agrees with the court's assessment in *Sclafani*, which was issued less than a year ago – namely, that although Mr. Yarbrough has experience with these types of cases, this particular case was not "novel or difficult."  *See Sclafani v. I.C. Systems, Inc.*, No. 09-60174-CIV, slip op. at 2 (S.D. Fla. March 18, 2010) (awarding Mr. Yarbrough $300 per hour in a case alleging similar FDCPA, FCCPA and TCPA violations when he had requested $350 per hour).  With regard to the cases cited by Mr. Yarbrough in which he was awarded $350 per hour, the undersigned notes that the related fees motions were

**5**

unopposed and the rate not challenged.  Similarly, in the case at bar, since Defendant's counsel has not challenged the hourly rate of $350 charged by Mr. Yarbrough, the undersigned will award fees at that rate.

    **D.**    <u>**Reasonable Hours Expended**</u>

        **1.**    <u>**The Parties' Positions**</u>

      Defendant makes four arguments for reducing the hours Plaintiff claims as reasonably expended.  First, according to the Defendant, some of Mr. Yarbrough's itemized time entries provide insufficient detail (DE # 82 at 1).  For example, one entry only contains a one-word description, "review," without further explanation (DE # 82 at 2).  Second, with regard to specific entries, Defendant contends that Mr. Yarbrough's teleconference with Manny Newberger regarding CACH, LLC ("CACH") must be denied because CACH was not a party or a witness in the case, and the entry does not indicate the way in which this conversation advanced the case (DE # 82 at 2).  Third, Defendant objects to any entries concerning the writ of garnishment since Mr. Yarbrough failed to follow proper procedures in seeking the writ (DE # 82 at 2).  Finally, Defendant argues that, after the cuts noted above, the overall hours total should be reduced another 50% because the TCPA claim, which Plaintiff acknowledges does not call for statutory attorney's fees, formed a significant component of Plaintiff's suit (DE # 82 at 2-3).

      Plaintiff replies to each of Defendant's arguments.  First, Plaintiff concedes that certain entries do not provide sufficient detail and waives any challenge to eliminating such entries from the total hours calculation (DE # 83 at 1-2).  Second, Plaintiff defends the value of Mr. Yarbrough's teleconference with Mr. Newberger as relevant to Mr. Bianchi's case.  Specifically, Mr. Yarbrough claims to have discussed with Mr. Newberger CACH's exposure to vicarious liability due to Bronson's violative actions

taken while representing CACH, and Plaintiff considered adding CACH as a defendant in this action (DE # 83 at 2).  Third, Plaintiff contends that his actions taken to garnish Defendant's bank accounts when no amount had yet been paid on the judgment constituted an appropriate and reasonable activity, and Plaintiff did not know that such accounts held Defendant's clients' property prior to taking such action (DE # 83 at 2-3). Finally, as to a general additional reduction of hours, Plaintiff notes that he had already preemptively reduced the total hours requested by one-third in his motion for costs and fees because of the TCPA claim (DE # 74 at 2).  He additionally replies that all of his claims arose from the same collection of facts, so that Mr. Yarbrough would have spent the same amount of time on Plaintiff's case regardless of the TCPA claim that does not provide for statutory attorney's fees relief (DE # 83 at 3-4).

## 2.   Legal Standards

Counsel must use "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), "irrespective of the skill, reputation or experience of counsel."  *Barnes*, 168 F.3d at 428.  First, the fee applicant bears the initial burden of submitting evidence sufficient to allow the court to confirm that the requested fees are not excessive, and then, "'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Id.* at 428 (quoting *Norman*, 836 F.2d at 1301).  "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger*, 10 F.3d at 783).

3.      Analysis

a.      Vague Time Entries

Defendant takes issue with 11 time entries that it contends are too vague to determine whether the entries qualify under the fees statutes (DE # 82 at 1-2).  These entries provide one-word descriptions of how Mr. Yarbrough spent his time, such as "review," "meeting," "prepare," or brief descriptions such as "draft correspondence." Plaintiff concedes and waives any argument against eliminating these entries (DE # 83 at 1-2).  Thus, the undersigned concludes that it is appropriate to reduce the total hours amount and recommends that 5.88 hours consisting of these 11 entries be eliminated from the requested total hours.[4]

b.      CACH Teleconference With Mr. Newberger

Defendant contends that the time entry concerning Mr. Yarbrough's teleconference with Mr. Newberger must be stricken because Mr. Yarbrough did not provide sufficient detail as to how such a conversation was relevant to Mr. Bianchi's claims.  In addition, CACH was neither a party nor a witness in the case (DE # 82 at 2).  In Mr. Yarbrough's Declaration, he notes that the teleconference concerned, *inter alia*, the "Motion to Compel Defendant's Insurance Policy [and] Contract with CACH" (DE # 76 Ex. A at 2). Additionally, in Plaintiff's Reply, Plaintiff provides a rationale in support of the relevance of this time entry.  Specifically, Plaintiff states that CACH expressed concern about its vicarious liability because Bronson was representing CACH when Bronson committed the violations at issue in this case.  Accordingly, Plaintiff had considered amending his complaint to add CACH as a defendant (DE # 83 at 2).  The conversations at issue related

---

[4] Plaintiff incorrectly totaled these entries to be 4.3 hours in his Reply but identified the same 11 entries.

to a possible settlement of this action by CACH, LLC due to concerns over the financial condition of Defendant.  This rationale reveals Mr. Yarbrough's efforts to identify all parties liable to Mr. Bianchi and satisfy himself regarding any potential for other theories of liability bearing on Mr. Bianchi's claims.  Based upon the detail of this time entry provided by Plaintiff in the Declaration of Mr. Yarbrough (DE # 76 Ex. A at 4), and the rationale Plaintiff has provided in support of this time entry, the undersigned concludes that Plaintiff properly included this time entry as this time was "reasonably expended" in pursuing Mr. Bianchi's claims.  *See Hensley*, 461 U.S. at 434.

### c.     Writ of Garnishment Time Entries

Courts have noted that a prevailing plaintiff in an FDCPA suit may be awarded attorney's fees for post-judgment efforts to enforce awards.  *See, e.g.*, *DiFrancesco v. Home Furniture Liquidators Inc.*, No. 06-21709-CIV, slip op. at 5 (S.D. Fla. Jan. 6, 2009), *citing Nunez v. Interstate Corporate Sys. Inc.*, 799 P.2d 30, 31-32 (Ariz. Ct. App. 1990)). Specifically, cases involving other federal statutes authorizing attorney's fees have provided awards for unsuccessful post-judgment garnishment actions.  *See, e.g.*, *Free v. Briody*, 793 F.2d 807, 808-809 (7th Cir. 1986) (finding no statutory reason in an ERISA action to limit award by distinguishing between pre- and post-judgment attorneys' fees in case where losing defendant had thus far successfully hidden property to avoid garnishment).  As the *Nunez* court reasoned, disallowing attorney's fees incurred seeking execution of an FDCPA judgment would discourage small claimants from bringing actions to end abusive practices, which would run afoul of the statute and Congressional intent.  *Nunez*, 799 P.2d at 31-32.

At the same time, prevailing parties pursuing post-judgment remedies must still meet the *Hensley* requirement of, *inter alia*, avoiding unnecessary actions.  Florida

garnishment procedures require that a plaintiff serve upon defendant, within five days after a garnishee's answer to a writ of garnishment, a copy of such answer and notice advising a defendant that he or she must move to dissolve the writ within 20 days of such service. *See* Fla. Stat. § 77.055 (2010).[5]  In this case, Mr. Yarbrough emphasizes his client's entitlement to seek post-judgment satisfaction but does not respond to Defendant's contention that he did not follow proper procedures in doing so (DE # 82 at 2, 83 at 2-3). Mr. Yarbrough invested time preparing and filing a motion for judgment against Garnishee the same day Garnishee answered the writ of garnishment, without providing Defendant a copy of Garnishee's answer, or allowing Defendant an opportunity to first move to dissolve the writ of garnishment (DE # 69, 70).  On the other hand, Plaintiff asserts that Defendant failed to confer with Plaintiff before filing its motion to dissolve the writ of garnishment, as required by Local Rule 7.1(a)(3), and that Plaintiff would not have opposed the motion to dissolve (DE # 78 at 1).  Defendant alleged in its motion to dissolve the writ that the funds held by Garnishee were held in trust for Defendant's clients (DE # 72 at 1-2).

Based upon a review of the record as a whole, the undersigned finds that some of the post-judgment work Mr. Yarbrough performed on behalf of Mr. Bianchi was unnecessary and could have been avoided, had Mr. Yarbrough followed Florida writ of garnishment procedures.  As Mr. Yarbrough contends, he was entitled to seek post-judgment satisfaction for his client (DE # 83 at 2-3).  However, had Plaintiff afforded Defendant an opportunity to provide its rationale for dissolving the writ of garnishment

---

[5] Federal procedure relating to writ of garnishments must accord with state procedure because the FDCPA does not specifically provide for garnishment procedures that would preempt state law.  *See* Fed. R. Civ. P. 69(a)(1).

instead of moving for judgment immediately upon Garnishee's answer, Mr. Yarbrough could have avoided the time he invested preparing the motion for final judgment.  *Cf. Doden v. Plainfield Fire Prot. Dist.*, No. 96-2175, 1997 WL 137196 at *2-*4 (7th Cir. 1997) (disallowing fees for executing final judgment as unnecessary in an FLSA case when plaintiff was ready, willing and able to pay the final judgment).  Therefore, the undersigned recommends striking the two time entries on July 14, 2010, concerning Mr. Yarbrough's preparation and review of Plaintiff's motion for final judgment, as well as the time entry reviewing Defendant's opposition thereto on July 29, 2010, from Mr. Yarbrough's requested hours as unnecessary due to his failure to follow Florida writ of garnishment procedures.  These entries total 1.38 hours.[6]

        d.      <u>General Reduction Based on TCPA</u>

Defendant argues that Plaintiff's total hours, after the above noted deductions, should be reduced by an additional 50% because the TCPA does not provide for an attorney's fees award, and Mr. Yarbrough spent significant time pursuing the TCPA claim (DE # 82 2-3).  Based on his estimate of time spent on the TCPA claim, Mr. Yarbrough preemptively reduced his total hours requested by one-third in his motion for fees and costs and replies that no additional reduction is warranted, given that all of Mr. Bianchi's claims arose from the same operative facts (DE # 74 at 2; 83 at 3).  Based upon a review of the record as a whole, the undersigned finds that Mr. Yarbrough's reduction of requested fees by one-third is reasonable and appropriate, and that no additional

---

[6] The undersigned also recommends striking in connection with the writ of garnishment the entry for .05 hours on July 30, 2010, regarding review of Defendant's docketing error, and includes it in the 1.38 hours total.

general reduction is warranted.[7]  *See Hensley*, 461 U.S. at 434.

E.       Calculating the Lodestar

At this stage in the analysis, the lodestar may be computed after making the appropriate reduction in the number of hours expended.  The lodestar equals $14,259.00, based upon a rate of $350 per hour and total hours expended of 40.74.

F.       Adjustment to the Lodestar

1.       The Legal Standard

While the calculation of the lodestar is a necessary component of the fee inquiry, it is not the only component.  As an alternative or in addition to adjusting the number of hours used to calculate the lodestar, the Court may apply an after-the-fact reduction of the lodestar where the plaintiff achieved only partial or limited success, and this is true "even where the plaintiffs' claims are 'interrelated, non-frivolous and raised in good faith.'"  *Barker v. Niles Bolton Assocs., Inc.*, No. 07-15103, 2009 WL 500719, at *10 (11th Cir. Mar. 2, 2009) (quoting *Hensley*, 461 U.S. at 436).  Thus, the Court retains the authority to review the hourly rate and attorney time for reasonableness based on the 12 so-called "*Johnson* factors."  *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340-41 (11th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

---

[7] The undersigned notes that although Defendant contends that a review of the trial transcript reflects that Mr. Yarbrough spent significant time trying Mr. Bianchi's TCPA claim, Defendant has provided only a conclusory statement regarding such time and has provided no other support for a general 50% reduction (DE # 82 at 2-3).  Defendant's objection lacks the requisite precision  and specificity.  *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301).

2.    Analysis

Based upon a review of the record as a whole, the undersigned concludes that it is
not necessary to adjust the lodestar in this case.  None of the parties has requested that
the lodestar be adjusted.  To the extent that Defendant might implicitly suggest a general
downward adjustment based on Mr. Yarbrough's efforts expended in support of the TCPA
claim, the undersigned has concluded *supra* that such adjustment is unwarranted.  The
parties do not raise any other arguments in favor of adjustment and the undersigned
raises none herein *sua sponte*.   Thus, Plaintiff is entitled to a sum of attorney's fees
equal to $14,259.00.

III.    COSTS

Plaintiff seeks an award of costs in the amount of $5,675.86 (DE # 74 at 9; 76 Ex. A
at 10-11).  Defendant concedes that Plaintiff is entitled to some costs, but contests
others, as set forth below.  For the reasons that follow, the undersigned recommends that
Plaintiff be awarded costs in the amount of $4,463.19, which consists of $2,422.74 in
uncontested costs and $2,040.45 in contested costs of video depositions ($1,910.45) and
writ of garnishment filing and processing ($130.00).

A.    Legal Framework for Analysis

A debt collector who violates the FDCPA is liable for "the costs of the action,
together with a reasonable attorney's fee as determined by the court."  15 U.S.C.A. §
1692k(a)(3) (West 2010).  Such costs taxable by a court in an FDCPA suit are limited to
those enumerated by statute, namely 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*,
841 F.2d 1567, 1574 (11th Cir. 1988) (discussing in an Equal Pay Act case the limiting of
costs taxable by a court to those enumerated in  28 U.S.C. § 1920  absent explicit

13

statutory entitlement to a broader array of costs in the relevant act); *U.S. E.E.O.C. v.*

*W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons,*

*Inc.*, 482 U.S. 437, 445 (1987)).  Title 28, United States Code, Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> >
> > (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> >
> > (3) Fees and disbursements for printing and witnesses;
> >
> > (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> >
> > (5) Docket fees under section 1923 of [Title 28];
> >
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28].

28 U.S.C.A. § 1920 (West 2010).

> B.    Uncontested Costs

Defendant does not dispute that Plaintiff is entitled to an award of costs for the

filing fee, the fee for service of process, deposition transcript costs and court reporter

fees.  These fees total $2,422.74.  Based upon a review of the record as a whole, the

undersigned agrees that these costs encompass expenses that were necessary for use in

this case and are statutorily authorized under 28 U.S.C. § 1920.

**C.**     **Contested Costs**

Defendant objects to $3,253.15 in costs, which consist of the categories of expenses discussed in more detail below.  The undersigned recommends that Plaintiff be awarded costs for video depositions and writ of garnishment filing and processing (totaling $2,040.45) but not the mediator's fee ($555.50) and costs for trial boards ($657.20).

**1.**     **Video Deposition Expenses**

Defendant objects to deposition fees ($1,910.45) based on Defendant's assertion that Plaintiff did not identify the video deposition fees as such (but instead labeled them "video conferencing"),[8] and Plaintiff has not satisfied his alleged burden of proving an independent, legitimate need for the video recording fees, separate from transcription fees (DE # 82 at 3).  Plaintiff replies that Defense counsel indicated at the pretrial conference that Defendant's corporate representative might be leaving Defendant's employ and would be unable to testify at trial.  Plaintiff contends that he, therefore, deposed the witness to preserve the testimony (DE # 83 at 7-8).

The undersigned concludes that it is not appropriate to exclude these video deposition costs.  The rule of this Circuit states that when no objection is raised at the time of a notice of deposition as to the means of recordation pursuant to Fed. R. Civ. P. 26(c), costs may be awarded pursuant to 28 U.S.C. § 1920 for conducting the deposition in the manner noticed.  *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996) (disagreed with by *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 n.4

---

[8] The undersigned rejects this first component of the objection out of hand.  While this cost was labeled "video conferencing," the detailed explanation in the Declaration immediately below the label identifies such "conferencing" as depositions (DE # 76 Ex. A at 10).

(10th Cir. 1997), cited by Defendant as the controlling rule).  Defendant does not note any objection it made to the notice of deposition at the time of notice, and Defendant does not argue that the deposition (irrespective of recordation method) was not necessarily for use in this case.  The undersigned finds that the deposition was necessarily obtained for use in this case, as it was a deposition of Defendant's corporate representative.  Therefore, under the *Morrison* rule, these deposition costs are properly included in Plaintiff's requested fees.

### 2.    Mediation Expenses

Defendant also objects to Plaintiff's costs for mediation ($555.50), contending that they are not taxable (DE # 82 at 4).  Plaintiff replies that the mediation was court-ordered (DE # 83 at 8).  Mediation costs are not specifically enumerated in 28 U.S.C. § 1920, nor are they recognized in this Circuit as being taxable costs thereunder.  *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 845-46 (11th Cir. 2008) (affirming the denial of prevailing party's request for, *inter alia*, mediation expenses as not recoverable under 28 U.S.C. § 1920).  Furthermore, this rule has been applied to court-ordered mediation, with the supplemental rationale that equal burdening promotes good faith mediation while reducing financial concerns.  *Rivera Santiago v. Wm. G. Roe & Sons, Inc.*, No. 8:07-cv-1786-T-27MAP, 2010 WL 2985695, slip op. at 2 (M.D. Fla. July 28, 2010).  Despite some conflict among circuits in this area, the undersigned finds that the *Gary Brown & Assocs.* rule precludes taxing Plaintiff's mediation costs pursuant to 28 U.S.C. § 1920.  *See Williams v. R.W. Cannon, Inc.*, 657 F.Supp.2d 1302, 1317-18 (S.D. Fla. 2009) (surveying conflicting case law among circuits as to allowable costs in FLSA cases and concluding that *Gary Brown & Assocs.* controls as binding precedent in this Court as to

16

allowable costs pursuant to 28 U.S.C. § 1920).  The claim for the cost of mediation should, therefore, be denied.

          3.        **Trial Board Expenses**

          a.        **The Parties' Positions**

As clarified at the hearing, Plaintiff used six trial boards during the presentation of his case to the jury.  Two trial boards contained reproductions of transcripts of telephone messages at issue in the case, and four trial boards contained a copy of Defendant's account records.  These items were all copies of documents that had been admitted into evidence as exhibits.  Defendant argues that Plaintiff should not be awarded costs for preparation of trial boards ($657.20) because "exhibit costs" are not taxable in this Circuit (DE # 82 at 4).  Plaintiff responds that the trial boards were used extensively to present his case to the jury (DE # 83 at 8).

          b.        **Analysis**

In *W&O*, the Eleventh Circuit expressly held that "exhibit costs" are not taxable expenses.  *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 622-23 (11th Cir. 2000).  The Eleventh Circuit has clarified this ruling.  *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293 (11th Cir. 2001).  Specifically, the Eleventh Circuit held that "oversize documents" and "color photographs" may be taxable as costs while "physical exhibits," such as "models" and "charts," are not taxable.  *Arcardian Fertilizer*, 249 F.3d at 1296-98.  The court reasoned that, given the strictly narrow reading of 28 U.S.C. § 1920 required by *Crawford Fitting*, taxable items must fit into the language of the statute.[9]   Taxable costs,

---

[9] The court found that the former sets of items – oversized documents and color photographs – are encompassed in § 1920(4)'s language referring to "copies of paper" and, therefore, are taxable. The phrase "copies of papers" has since been amended.  It was deleted in 2008 and replaced with the phrase, "the costs of making copies of any materials."  Judicial

however, must also be "necessarily obtained for use in the case." 28 U.S.C.A. § 1920(4) (West 2010).

Plaintiff states that he used his trial boards extensively at trial (DE # 76 Ex. A at 11) but does not dispute that they represented information that was otherwise already admitted into evidence. The undersigned notes that, in such circumstances, trial boards are demonstrative in nature, and are for the convenience of counsel in his presentation of Plaintiff's case. The undersigned concludes that the trial boards were not "necessarily obtained for use in the case" and, therefore, in the exercise of discretion, the undersigned recommends that the request for the costs of the trial boards be denied on this basis. Thus, it is not necessary to reach the issue of whether trial boards are taxable under the *Arcadian Fertilizer* rule. 28 U.S.C.A. § 1920 (West 2010).

### 4.   Writ of Garnishment Costs

Defendant objects to two costs associated with Plaintiff's writ of garnishment actions, namely, Garnishee's attorney's fee ($100.00), submitted to the court by Plaintiff in accordance with Florida Statutes, Section 77.28, and the associated process server fee ($30.00), which total $130.00 (DE # 82 at 4; 76 Ex. A at 11). First, under Florida Statutes Section 77.28, a party applying for writ of garnishment must deposit into the court registry $100 to be used upon request by the garnishee to offset its attorney's fees in responding to a writ. Fla. Stat. § 77.28 (2010). As an initial matter, the undersigned notes that filing fees are regarded as recoverable "docket fees" under 28 U.S.C. § 1920(5). *See,*

---

Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406, § 6, 122 Stat. 4291 (2008). The Middle District of Florida has called into question the effect of this change on *Arcadian Fertilizer*, but the Eleventh Circuit has not yet addressed the effect of this amendment on the *Arcadian Fertilizer* rule. *Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, slip op. at 4 (M.D. Fla. April 26, 2010).

*e.g.*, *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007).  The amount deposited into the court registry, as an initial filing cost required to be submitted upon application to the court, should be taxed.  Alternatively, this cost represents an attorney's fee for which Plaintiff became liable in seeking to execute judgment.  Considered as attorney's fees, the undersigned would apply the same analysis as it did *supra* in connection with Plaintiff's request for hours expended for writ of garnishment attorney's fees.  Under such an analysis, the submission by Plaintiff of Garnishee's attorney's fee was necessary to Plaintiff's initial reasonable actions taken to execute judgment.  Under either analysis, the undersigned concludes that such fee should be taxed.

Second, Plaintiff seeks reimbursement for the related process server fee in the amount of $30.00.  As fees for service of process are also readily taxable under 28 U.S.C. § 1920, the undersigned concludes that the fee should be taxed.  *See, e.g.*, *Monelus v. Tocodrian, Inc.*, 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009).  Defendant appears to suggest that this fee should not be recoverable because Plaintiff's writ of garnishment was unsuccessful (DE # 82 at 4).  Defendant offers no authority, however, for such claim.  At any rate, *Monelus* and other cases provide support for taxing process server fees.

D.     Total Recommended Cost Award

For the reasons stated above, the undersigned recommends that the Court award costs in the amount of $4,463.19, comprised of uncontested costs ($2,422.74), video deposition costs ($1,910.45) and garnishment costs ($130.00); and, that the Court disallow costs in the amount of $1,212.70, comprised of mediation fees ($555.50), and the cost of trial boards ($657.20).

19

IV.   **SUPPLEMENTAL ATTORNEY'S FEES**

As previously stated, in his initial Motion, Plaintiff argued that he was entitled to attorney's fees and costs incurred in litigating this Motion.  Defendant did not oppose this request.  Under the FDCPA, a prevailing party is entitled to fees incurred seeking to secure an attorney's fees award.  *See Sheet Metal Workers' Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC,* 237 Fed. Appx. 543 (11th Cir. 2007) (recognizing that "fees on fees" are ordinarily authorized under federal statutory fee-shifting provisions); *Anchondo v. Anderson, Crenshaw & Associates, LLC*, 616 F.3d 1098, 1107 (10th Cir. 2010) (awarding fees incurred defending on appeal an earlier fees award); *Small v. Absolute Collection Serv., Inc.,* No. 04-61196-CIV-JORDAN, 2006 WL 6183287 (S.D. Fla. Mar. 23, 2006) (holding "fees on fees" were recoverable by Plaintiff in FDCPA case).

On January 31, 2011, Plaintiff filed a Supplemental Declaration outlining fees incurred subsequent to filing his Verified Motion (DE # 84).  Plaintiff has requested in his Supplemental Declaration an award for 6.38 additional hours (DE # 84 at 2).  Plaintiff included time entries totaling 1.16 hours for activities related to the writ of garnishment against Garnishee (DE # 84 Ex. A at 2).  Upon a review of the record as a whole, and for the reasons stated above, the undersigned recommends that the additional claim for the costs associated with Plaintiff's improvidently sought writ of garnishment be denied because the award recommended *supra* already includes reasonable fees for such actions.

With respect to the claim regarding 5.22 hours of time spent in drafting the Motion for Attorney's Fees and the Reply, the undersigned finds that this amount of time is excessive.  Based upon a review of the litigation concerning the award of fees and costs, the undersigned has determined that a reasonable amount of time to have spent in

20

connection with the litigation regarding fees is approximately 4 hours.  Therefore, the amount claimed is reduced by 1 1/4 hours.

Based upon the foregoing analysis, the undersigned finds that an additional award of 3.97 hours is appropriate.  At the recommended rate of $350 per hour, this additional recommended award totals $1,389.50.

V.    **CONCLUSION**

In sum, based upon a review of the record as a whole, and considering the arguments of counsel and the experience of the Court, the undersigned finds and concludes that a reasonable attorney's fee, which should be awarded in the case at bar, is the total amount of $15,648.50, comprised of $14,259.00 for 40.74 hours of work performed in the underlying case at an hourly rate of $350.00; and, $1,389.50 for 3.97 hours of work performed in the litigation over the award of fees and costs.  In addition, the undersigned finds and concludes that costs in the total amount of $4,463.19 should be awarded.  Therefore, based upon a review of the record as a whole and for the reasons stated above, it is hereby

**RECOMMENDED** that Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees (DE # 74) be **GRANTED IN PART AND DENIED IN PART**, and that Plaintiff be awarded attorney's fees in the amount of $15,648.50 and costs in the amount of 4,463.19, for a total award of $20,111.69.

Pursuant to S.D. Fla. Magistrate Judge Rule 4(a), the parties shall have 14 days from the service of this Report and Recommendation to file written objections to this Report and Recommendation.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *RTC v. Hallmark Builders,*

*Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.

1988).

  **DONE AND SUBMITTED** in chambers in Miami, Florida on February 2, 2011.


             _Andrea M. Simonton_____
             ANDREA M. SIMONTON
             UNITED STATES MAGISTRATE JUDGE


Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro,
   United States District Judge
All counsel of record